UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EARL BARTHE, JR.**                                            CIVIL ACTION

**VERSUS**                                                       No. 24-440

**JOHN WETZEL ET AL.**                                           SECTION I

ORDER & REASONS

Before the Court is a motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by defendants the United States of America (the "government" or the "United States"), the U.S. Department of Veterans Affairs (the "VA"), and the Veterans Affairs Hospital (the "VA Hospital") (collectively, "defendants"). Plaintiff Earl Barthe, Jr. ("plaintiff") did not file a response, and the deadline for doing so has passed.[2] For the reasons set forth below, the Court grants defendants' motion.

I. BACKGROUND

This matter arises from an incident at the VA Hospital.[3] Plaintiff alleges that, while he was waiting in the pharmacy department to pick up his prescription, he was approached by VA Officer John Wetzel ("Wetzel").[4] Plaintiff alleges that a verbal argument ensued and that Wetzel grabbed plaintiff by his arm and neck to arrest him for disorderly conduct.[5] Plaintiff's complaint asserts that he sustained injuries

---

[1] R. Doc. No. 5.
[2] Defendants' motion was set for submission on March 20, 2024. Pursuant to Local Rule 7.5, plaintiff's response was due on March 12, 2024.
[3] *See generally* R. Doc. No. 1-1.
[4] *Id.* ¶¶ 2–3.
[5] *Id.* ¶¶ 3–7.

1

to his shoulder, rotator cuff, spine, and three discs.[6] He also alleges that he suffers from headaches and mental anguish as a result of the incident.[7]

On October 27, 2023, plaintiff filed his petition for damages in the Civil District Court for Orleans Parish.[8] Plaintiff named Wetzel and the VA Hospital as defendants, along with placeholder defendants ABC Guard Services, XYZ Insurance Co, UVW Insurance Co., and RST Insurance Co.[9]

On February 21, 2024, the United States of America and the VA, incorrectly named as the VA Hospital,[10] moved to remove the lawsuit to this Court.[11] In their notice of removal, the defendants certified that Wetzel was acting within the scope of his employment as an employee of the VA at the time of the conduct alleged in the state-court petition.[12] Accordingly, defendants stated that, pursuant to 28 U.S.C. § 2679(d), the United States is substituted for Wetzel as defendant and the case must be removed to federal court. The notice of removal also cited 28 U.S.C. § 1442(a)(1), which permits removal for actions against federal agencies, such as the VA, as an alternative basis for removal.

On February 27, 2024, the government filed a motion to dismiss pursuant to Rule 12(b)(1).[13] The government argues that dismissal is appropriate because

---

[6] *Id.* ¶ 8.
[7] *Id.*
[8] *Id.* at 3.
[9] *Id.* ¶¶ 9–12.
[10] The VA Hospital is a component of the VA, and therefore the VA was incorrectly named as the VA Hospital. *See* R. Doc. No. 1, ¶ IX.
[11] R. Doc. No. 1.
[12] *Id.* ¶ V.
[13] R. Doc. No. 5.

plaintiff failed to exhaust his administrative remedies pursuant to the Federal Tort Claims Act ("FTCA") before filing suit.[14] The government's motion also argues that, because plaintiff improperly named the VA as a defendant, instead of the United States, the state court did not possess jurisdiction and no federal jurisdiction can be derived from the state court's jurisdiction.[15]

## II.   STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315

---

[14] R. Doc. No. 5-2, at 3.
[15] *Id.* at 5.

(5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III.  ANALYSIS

#### A.  FTCA Claims

"Suits against the United States are barred unless Congress has consented to suit by waiving sovereign immunity." *Schlorff v. Digital Eng'g & Imaging, Inc.*, No. CV 16-11016, 2016 WL 6276882, at *2 (E.D. La. Oct. 27, 2016) (Vance, J.) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). The FTCA "is the sole waiver of the United States' sovereign immunity for tort claims against a federal agency defendant." *Id.* "The FTCA provides for damages for injury or loss that result as a consequence of the negligent actions of a federal employee acting within the course and scope of his or her employment, by holding the United States liable for such actions." *Hernandez v. State Farm Mut. Auto. Section Ins. Co.*, No. CIV.A. 13-544, 2013 WL 5707795, at *1 (E.D. La. Oct. 18, 2013) (Berrigan, J.).

Pursuant to the FTCA, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate [f]ederal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). 28 U.S.C. § 2675(a). This "requirement is a prerequisite to suit under the FTCA." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). Failure to exhaust administrative remedies leaves "the

4

district court . . . without subject matter jurisdiction." *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996).

Defendants argue that, because plaintiff has not exhausted his administrative remedies, the claims against them should be dismissed.[16] In support of their motion, defendants submitted a declaration from Cynthia Hernandez, Deputy Chief Counsel for the VA's Office of General Counsel, Torts Law Group, which states that the VA's records show that it has not received any administrative tort claim from plaintiff.[17] Accordingly, "[b]ecause [plaintiff] has not satisfied the FTCA's 'jurisdictional prerequisite'" and because the FTCA provides the only tort cause of action against the federal government, "this Court must dismiss [the] claims [against the United States and the VA] for lack of subject matter jurisdiction." *See Saunders v. Wilkie*, No. CV 19-11482, 2020 WL 6382888, at *4 (E.D. La. Oct. 30, 2020) (Vance, J.).

Next, defendants argue that plaintiff's FTCA claims against the VA should also be dismissed because plaintiff brought the claims against a federal agency instead of the United States.[18] "Given th[e] explicit statutory language [of the FTCA], courts have consistently held that the United States, and not a federal agency or government employee, is the only proper party for a suit under the FTCA." *Schlorff,* 2016 WL 6276882, at *2. "Therefore, in accordance with this clear statutory language and Fifth Circuit precedent, plaintiff['s] FTCA claims against the [VA] must be dismissed for lack of subject matter jurisdiction." *Id.* (citing *Galvin v. Occupational Safety & Health*

---

[16] R. Doc. No. 5-2, at 3.
[17] R. Doc. No. 5-3.
[18] R. Doc. No. 5-2, at 6.

5

*Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)). Accordingly, the Court lacks jurisdiction over the FTCA claim against the VA based on plaintiff's failure to exhaust administrative remedies and plaintiff's failure to name the correct defendant.

Relatedly, defendants argue that because the FTCA provides federal district courts with exclusive jurisdiction over tort claims against the government, the Louisiana state court never had jurisdiction over the claims against the VA and those claims should be dismissed pursuant to the derivative jurisdiction doctrine.[19] "The derivative jurisdiction doctrine maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.,* 749 F.3d 347, 351 (5th Cir. 2014), *as revised* (Apr. 28, 2014). "Although Congress has eliminated this doctrine from removals pursuant to 28 U.S.C. § 1441, 'courts have consistently held that the doctrine still applies to removals pursuant to § 1442.'" *Olivier Plantation, LLC v. St. Bernard Par.*, 744 F. Supp. 2d 575, 586 (E.D. La. 2010) (Duval, Jr., J.) (internal citation omitted) (quoting *In re Katrina Canal Breaches Consol. Litig.*, No. CIV A 05-4182, 2007 WL 1461036, at *2 (E.D. La. May 16, 2007) (Duval, Jr., J.)).

Because the FTCA gives the federal district courts exclusive jurisdiction over tort claims against the federal government and because the tort claims must be brought against the United States instead of its agencies, "the Louisiana state court never had jurisdiction over the claims against the [VA]." *See Schlorff*, 2016 WL 6276882, at *2. "Accordingly, the Court lacks subject matter jurisdiction [over tort

---

[19] R. Doc. No. 5-2, at 6.

claims against the VA] . . . because the state court lacked jurisdiction in the first place." *See id.*

## B. Claims Against ABC Guard Services

With respect to the remaining claims against placeholder defendant ABC Guard Services, the complaint alleges that ABC Guard Services failed to properly train, assign, monitor, employ, and check the background of Wetzel.[20] The complaint does not state a basis for federal jurisdiction because, unlike the claims against Wetzel and the VA Hospital, the claims against placeholder defendant ABC Guard Services, as pled in the complaint, are not against the United States or a federal agency. Additionally, if plaintiff amended his complaint to substitute the United States or the VA in place of ABC Guard Services, the claims would be subject to the same jurisdictional defects discussed previously.[21]

If plaintiff were to amend his complaint to substitute a non-federal defendant, "supplemental jurisdiction under 28 U.S.C. § 1367 [would] provide[] the only potential jurisdictional hook for the remaining state law [tort] claims." *See Lopez v. Sentrillon Corp.*, 749 F.3d 347, 352 (5th Cir. 2014), *as revised* (Apr. 28, 2014). Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "(1) the claim raises a novel or complex issue of [s]tate law, (2) the claim substantially predominates over the claim or claims over which the

---

[20] R. Doc. No. 1, ¶ 11.
[21] Because the Court finds that it does not have jurisdiction over these claims, it will not address whether plaintiff should amend his complaint or whether the claims should be disposed of on the merits.

7

district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." "The language of section 1367(c) and case law makes clear that this is not a balancing test; any one of the four factors is independently sufficient to justify declining supplemental jurisdiction." *Schlorff*, 2016 WL 6276882, at *3.

"The Supreme Court has given further guidance, instructing federal courts to consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction over pendent state law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The U.S. Fifth Circuit Court of Appeals has explained that district courts have "wide discretion" to decline to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed. *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). Accordingly, because the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims against ABC Guard Services.[22]

---

[22] Remand of the remaining claims is proper regardless of whether the claims against the government are dismissed for plaintiff's failure to exhaust administrative remedies, for naming the wrong defendant, or for lack of derivative jurisdiction. *See Schlorff*, 2016 WL 6276882, at *3 (explaining that, while the Fifth Circuit has not decided whether the derivative jurisdiction doctrine creates a jurisdictional or procedural defect, remand is proper pursuant to either 28 U.S.C. § 1447(c), which obligates remand in the case of a jurisdictional defect, or 28 U.S.C. § 1367(c), which permits remand based on a procedural defect).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED.** Plaintiff's claims against the United States and the VA are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's remaining claims are **REMANDED** to Orleans Parish Civil District Court.

New Orleans, Louisiana, March 21, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**